■ In the Matter of Basin Street, Incorporated, Respondent. Isador Lubin, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from that portion of a decision of the Unemployment Insurance Appeal Board which eliminated from the assessment made by the Industrial Commissioner, contributions based on the earnings of musicians who performed in respondent's establishment pursuant to a standard form contract prescribed by the American Federation of Musicians known as form B, to which was annexed the form rider B, also promulgated by that union. These particular forms of contract and rider have been described and discussed in previous cases in this court. (See, *inter alia, Matter of Savoy Ballroom Corp.* [*Lubin*], 286 App. Div. 684.) In *Savoy,* the board in effect held that under the contract and rider the ballroom operator was the employer as a matter of law. We held that the provision of the contract for control by the operator had been "in

effect overridden by the rider" (p. 691) and we remitted so that the board might decide the question of employment relationship "as a question of fact, not only in the light of the form B contract but also in the light of the rider B and * * * of the evidence as to the actual intent of the parties." (P. 693.) The case before us rests solely on the contract and rider. There was no other evidence, as to actual practice or otherwise, bearing on the intent of the parties. Thus the board properly found that the musicians were not employees of the respondent, since the effect of the rider was, as held in *Savoy* (p. 690), to nullify any inference of an employment relationship, absent any evidence supportive of a contrary inference. Since respondent did not argue the appeal or file a brief our affirmance is without costs. Decision affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.